IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00702-WYD-BNB

THIEN H. NGUYEN,

     Applicant,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant Thien H. Nguyen is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility at Crowley,

Colorado.  Mr. Nguyen initiated this action by filing ***pro se*** an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state court

conviction and sentence.  On May 25, 2007, he filed an amended application for a writ

of habeas corpus.  On June 5, 2007, I ordered Respondents to file an answer to the

habeas corpus application.  On July 13, 2007, Respondents filed their answer.  On

October 11, 2007, Mr. Nguyen filed a reply to Respondents' answer.  On May 9, 2008, I

entered an order directing Respondents to provide the state court record.  The state

court record was delivered to the court on May 16, 2008.

     I must construe the amended application and other papers filed by Mr. Nguyen

liberally because he is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S.

519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the amended application will be denied and the action will be dismissed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Nguyen was convicted in 1992 in Jefferson County District Court case number 91CR583.  The conviction resulted from an incident in which Mr. Nguyen and four other men robbed and assaulted a number of individuals attending a celebration in a church recreation hall.  Following a jury trial, Mr. Nguyen was convicted of first degree assault, menacing, reckless endangerment, and twenty-seven counts of aggravated robbery.  Mr. Nguyen was sentenced to a total of 270 years in prison, which included consecutive ten-year terms for each count of aggravated robbery, and concurrent terms for the other offenses.  The judgment of conviction was affirmed on direct appeal, but the case was remanded for correction of the mittimus.  **See People v. Nguyen**, No. 92CA0242 (Colo. Ct. App. Mar. 3, 1994) ("**Nguyen I**").  On November 15, 1994, the Colorado Supreme Court denied Mr. Nguyen's petition for writ of certiorari on direct appeal.

Mr. Nguyen also has filed a number of postconviction motions in the state courts challenging the validity of his conviction and sentence.  Mr. Nguyen first filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  The trial court denied the Rule 35(b) motion on April 3, 1995.  The Colorado

Court of Appeals reversed the trial court's order and remanded the matter for the trial court to enter a new order and to set forth its findings and conclusions because the trial court had failed to discuss the reasons for denying the Rule 35(b) motion. ***See People v. Nguyen***, No. 95CA0843 (Colo. Ct. App. Nov. 29, 1996) ("***Nguyen II***"). On June 9, 1997, the Colorado Supreme Court denied Mr. Nguyen's petition for writ of certiorari in connection with the Rule 35(b) motion. Mr. Nguyen alleges that on September 30, 1997, the trial court entered its order denying the Rule 35(b) motion on remand and that he did not appeal from the trial court's September 30 order.

On December 5, 1997, Mr. Nguyen filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which was denied on August 6, 1999. The Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion. ***See People v. Nguyen***, No. 99CA1822 (Colo. Ct. App. Apr. 4, 2002) ("***Nguyen III***"). On September 16, 2002, the Colorado Supreme Court denied Mr. Nguyen's petition for writ of certiorari and the mandate issued on September 19, 2002.

On December 5, 2001, Mr. Nguyen filed another postconviction motion challenging the restitution portion of his sentence. The trial court denied that motion on May 20, 2002, and the Colorado Court of Appeals affirmed the trial court's order. ***See People v. Nguyen***, No. 02CA1266 (Colo. Ct. App. May 6, 2004) ("***Nguyen IV***"). On May 19, 2006, the Colorado Supreme Court denied Mr. Nguyen's petition for writ of certiorari as untimely.

Mr. Nguyen filed his final postconviction motion on July 14, 2003. The trial court denied the motion and the Colorado Court of Appeals affirmed. ***See People v. Nguyen***, Nos. 03CA1973 & 04CA1301 (Colo. Ct. App. July 27, 2006) ("***Nguyen V***"). On March 12, 2007, the Colorado Supreme Court denied Mr. Nguyen's petition for writ of certiorari in connection with his final postconviction motion. On March 19, 2007, the Colorado Court of Appeals issued its mandate.

The Court received Mr. Nguyen's original application for a writ of habeas corpus for filing on March 30, 2007. Mr. Nguyen asserts the following eleven claims for relief in the amended application:

1.    The trial court erred in refusing a jury instruction on conspiracy to commit aggravated robbery tendered by the defense.

2.    The consecutive sentences for each count of aggravated robbery violate double jeopardy because the evidence in support of each count is identical.

3.    Mr. Nguyen's constitutional rights were violated when he was excluded from a portion of the jury selection process.

4.    Mr. Nguyen's waiver of his Fifth Amendment right to remain silent when he decided to testify was not voluntary, knowing, and intelligent because he was not advised adequately of the consequences of that decision.

5.    The trial court erred by admitting Mr. Nguyen's incriminating statements and confession without ruling on whether the statements and confession were voluntary.

6.    Mr. Nguyen was denied due process when the interpreter failed to provide an exact translation of witness testimony.

7.    Mr. Nguyen was denied effective and meaningful review because portions of the proceedings were not recorded.

8.     Mr. Nguyen was denied effective review because portions of the trial transcripts are not accurate.

9.     Counsel was ineffective in handling plea negotiations; failing to adequately challenge Mr. Nguyen's involuntary statements; failing to adequately challenge admission of an unduly suggestive photo line-up; failing to develop an effective trial strategy; failing to utilize an interpreter who spoke the same dialect as Mr. Nguyen; failing to adequately challenge the illegal arrest and search of Mr. Nguyen; and failing to obtain transcripts from the prior trial of a co-defendant for impeachment purposes.

10.     Mr. Nguyen's sentence is disproportionate in violation of his Eighth Amendment rights.

11.     The imposition of excessive restitution subsequent to imposition of the prison sentence violates due process and the right to be free from double jeopardy.

## II. TIMELINESS

Respondents first argue that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Respondents assert, and Mr. Nguyen does not dispute, that the one-year

limitation period began to run on April 24, 1996, when the one-year limitation period was

enacted into law because Mr. Nguyen's conviction became final prior to that date. **See**

***Hoggro v. Boone***, 150 F.3d 1223, 1225 (10th Cir. 1998). The parties agree that the

one-year limitation period was tolled pursuant to § 2244(d)(2) while the state court

proceedings relevant to Mr. Nguyen's postconviction Rule 35(b) motion were pending.

The parties also agree that the one-year limitation period was tolled again beginning on

December 5, 1997, when Mr. Nguyen filed a postconviction Rule 35(c) motion. The

parties do not agree on the date the Rule 35(b) proceedings concluded.

Respondents argue that the Rule 35(b) proceedings concluded on August 1,

1997, when the state court of appeals issued its mandate. As noted above, the state

court of appeals reversed the denial of the Rule 35(b) motion and remanded the matter

with directions to the trial court to enter a new order and to set forth its findings and

conclusions.  Respondents do not specify whether or when the trial court entered any orders on remand.

Mr. Nguyen maintains that the one-year limitation period was tolled at least until September 30, 1997, when the trial court entered its order denying the Rule 35(b) motion on remand.  He also argues that he may be entitled to additional tolling of the one-year limitation period for forty-five days after September 30, 1997, when he could have filed an appeal from the trial court's September 30 order.  Mr. Nguyen is correct that tolling pursuant to § 2244(d)(2) includes any time during which an appeal could have been filed.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).  Therefore, because Respondents have not provided any information to contradict Mr. Nguyen's allegation that the Rule 35(b) motion was not finally denied by the trial court until September 30, 1997, I find that the one-year limitation period was tolled until November 14, 1997, when the time for filing an appeal from the trial court's September 30 order expired.  As a result, only twenty days counted against the one-year limitation period before it again was tolled on December 5, 1997.

Respondents also argue that the time after the proceedings relevant to Mr. Nguyen's final postconviction motion concluded on March 19, 2007, and prior to the filing of the instant action count against the one-year limitation period.  According to Respondents, the instant action was not filed until May 25, 2007.  However, Mr. Nguyen filed his amended application on May 25, 2007.  The instant action initially was received by the court for filing on March 30, 2007.  Therefore, only ten days after March 19, 2007, count against the one-year limitation period.

Respondents contend that one additional period of 298 days, from September 19, 2002, until July 14, 2003, counts against the one-year limitation period. Although Mr. Nguyen disagrees with Respondents' contention regarding these 298 days, I need not resolve this dispute. Even assuming the 298 days identified by Respondents count against the one-year limitation period, the sum of those 298 days and the additional thirty days that count against the one-year limitation period as discussed above does not exceed one year. Therefore, I find that the instant action is not barred by the one-year limitation period.

## III.  EXHAUSTION OF STATE REMEDIES

Respondents next argue that Mr. Nguyen has failed to exhaust state court remedies for a number of the claims he is raising. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Nguyen's second claim for relief is not exhausted because that claim was not raised in the state courts as a federal constitutional claim. Mr. Nguyen's second claim is that the consecutive sentences for each count of aggravated robbery violate double jeopardy because the evidence in support of each count is identical.  Respondents specifically assert that Mr. Nguyen raised this argument in state court on direct appeal only as a violation of Colorado state statutes and not as a constitutional double jeopardy claim.  Mr. Nguyen argues that, although his attorney may not have cited federal case law in support of this claim on direct appeal, the claim is exhausted because the claim he raised in state court was premised on the

identical evidence test, which is the same test that applies in the context of a double jeopardy claim. *See Blockburger v. United States*, 284 U.S. 299 (1932).

I agree with Respondents that Mr. Nguyen's second claim was not exhausted on direct appeal. Mr. Nguyen argued on direct appeal that the trial court erred in holding that Colorado state law required consecutive sentences for aggravated robbery counts because Colorado law actually makes the decision of whether to impose consecutive or concurrent sentences discretionary. Mr. Nguyen's argument on direct appeal that the trial court could have imposed either concurrent or consecutive sentences with respect to the aggravated robbery counts did not fairly present to the state courts the constitutional double jeopardy claim he is asserting in this action. Therefore, I find that Mr. Nguyen has failed to exhaust state court remedies for his second claim for relief.

Respondents next argue that Mr. Nguyen's fourth, fifth, sixth, seventh, and part of his ninth claim are not exhausted because those claims were raised for the first time on appeal to the Colorado Court of Appeals in *Nguyen III*. The portion of Mr. Nguyen's ninth claim, the ineffective assistance of counsel claim, that Respondents contend Mr. Nguyen failed to exhaust is the allegation that counsel failed to obtain transcripts from the trial of one of Mr. Nguyen's codefendants to be used for impeachment purposes at Mr. Nguyen's trial.

Mr. Nguyen concedes that the Colorado Court of Appeals refused to address these claims in *Nguyen III*. The state appellate court refused to address these claims because that court determined the claims had not been raised in the trial court. *Nguyen III* at 7-8. Mr. Nguyen argues that the state appellate court erred in failing to

address the merits of these claims and that the transcript of his August 1999 postconviction hearing will show that these claims were raised in the trial court in an "Addendum to Rule 35(c) Motion to Vacate Conviction and Sentence."  The transcript of Mr. Nguyen's August 1999 postconviction hearing indicates that an addendum was submitted to the trial court at the hearing.  The transcript also indicates that the trial court reviewed the addendum and determined "that the document primarily deals with issues that were raised on appeal or should have been raised on appeal and not issues that affect the purpose of the hearing today except for some of the allegations made concerning ineffective assistance of counsel."  (Hr'g Tr. Vol. X, 104, Aug. 6, 1999.)

Pursuant to 28 U.S.C. § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Nguyen bears the burden of rebutting the presumption by clear and convincing evidence.  Mr. Nguyen fails to present any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attaches to the determination made by the Colorado Court of Appeals in *Nguyen III* that Mr. Nguyen failed to raise his fourth, fifth, sixth, seventh, and part of his ninth claim in the trial court prior to raising those claims on appeal.  Therefore, I find that Mr. Nguyen failed to exhaust state court remedies for his fourth, fifth, sixth, and seventh claims, and the portion of his ninth claim in which he alleges that counsel was ineffective by failing to obtain transcripts from the trial of one of Mr. Nguyen's codefendants to be used for impeachment purposes at Mr. Nguyen's trial.  These claims were not fairly presented to the state courts because, under Colorado law,

claims not raised in the trial court may not be raised for the first time on appeal. ***See*** ***People v. Salazar***, 964 P.2d 502, 507 (Colo. 1998).

Respondents finally argue that Mr. Nguyen's eighth and eleventh claims are not exhausted because the Colorado Court of Appeals determined that those claims were time-barred. In ***Nguyen V***, the Colorado Court of Appeals determined that Mr. Nguyen's claim that portions of the trial transcripts are not accurate, the eighth claim in this action, was both successive and time-barred. In ***Nguyen IV***, the Colorado Court of Appeals determined that Mr. Nguyen's claim challenging the imposition of excessive restitution subsequent to imposition of the prison sentence as a violation of both due process and the right to be free from double jeopardy, the eleventh claim in this action, was time-barred and lacked merit. Mr. Nguyen does not dispute the fact that his eighth and eleventh claims for relief both were dismissed by the state court of appeals as time-barred. Instead, he contends that the decisions to dismiss these claims as time-barred was erroneous.

The time-limitation for filing a postconviction motion under Colorado law is an independent and adequate procedural bar to review in federal court. ***See Klein v. Neal***, 45 F.3d 1395, 1398-99 (10th Cir. 1995). Mr. Nguyen's conclusory assertions that the state court erred in dismissing his eighth and eleventh claims for relief as time-barred does not demonstrate that he fairly presented those two claims to the state courts. The fact that the Colorado Court of Appeals in ***Nguyen IV*** determined in the alternative that Mr. Nguyen's eleventh claim lacked substantive merit also does not defeat the state court's holding that the claim was time-barred under state law. ***See Harris v. Reed***,

489 U.S. 255, 264 n.10 (1989).  Therefore, I find that Mr. Nguyen also has failed to exhaust state court remedies for his eighth and eleventh claims.

IV.  PROCEDURAL DEFAULT

Although Mr. Nguyen has failed to exhaust state court remedies for a number of the claims he is raising in this action, I may not dismiss those claims for failure to exhaust state remedies if Mr. Nguyen no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Nguyen failed to exhaust.  *See* Colo. R. Crim. P. 35(c)(3)(VII).  Furthermore, it appears that any further efforts by Mr. Nguyen to raise his claims in state court would be time-barred.  Therefore, the claims Mr. Nguyen failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Nguyen's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Nguyen makes no attempt either in the amended application or in his reply to Respondents' answer to show cause and prejudice for his procedural defaults or that a failure to consider his claims will result in a fundamental miscarriage of justice.  Instead, he simply argues that no procedural defaults occurred.  For the reasons discussed above, I disagree and find that a number of claims were not exhausted and were procedurally defaulted.  I also find that the claims Mr. Nguyen failed to exhaust are procedurally barred because Mr. Nguyen has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.  The procedurally barred claims are the second, fourth, fifth, sixth, seventh, eighth, and eleventh claims in their entirety and the portion of the ninth claim in which Mr. Nguyen alleges that counsel was ineffective by failing to obtain transcripts from the trial of one of Mr. Nguyen's codefendants to be used for impeachment purposes at Mr. Nguyen's trial.

## V.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Nguyen seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, — F.3d —, 2008 WL 1947027 at *4 (10th Cir. May 3, 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id*. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted)

> (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 2008 WL 1947027 at *5.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant

to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Nguyen bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" ***Miller-El v. Dretke***, 545 U.S. 231, 240 (2005) (quoting ***Miller-El v. Cockrell***, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's ***result***, even if its reasoning is not expressly stated." ***Aycox v. Lytle***, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." ***Id.*** at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." ***Id.***

## VI. MERITS OF THE CLAIMS

### Claim One

Mr. Nguyen first claims that the trial court erred in refusing a jury instruction on conspiracy to commit aggravated robbery tendered by the defense. The parties agree that conspiracy to commit aggravated robbery is a lesser, non-included offense to aggravated robbery. Respondents argue that I may not review Mr. Nguyen's first claim because it is subject to a rule of automatic nonreviewability. ***See Dockins v. Hines***, 374 F.3d 935, 938 (10th Cir. 2004). The essence of Respondents' argument is that Mr. Nguyen's first claim is not reviewable because there is no clearly established federal

law that requires a trial court to instruct a jury on a lesser, non-included offense.  Mr. Nguyen asserts in his reply that his first claim is reviewable but he fails to identify the clearly established federal law that provides for such review.  My own research also has not revealed any clearly established federal law in this regard.  Therefore, the first claim for relief must be dismissed.  *See House*, 2008 WL 1947027 at *4.

Claim Three

Mr. Nguyen's third claim is that his constitutional rights were violated when he was excluded from a portion of the jury selection process.  Mr. Nguyen specifically alleges that he was not present during voir dire of two prospective jurors in chambers and that, although his attorney stated that Mr. Nguyen waived his right to be present, Mr. Nguyen did not make a personal, voluntary, knowing, and intelligent waiver of his right to be present.  Neither of the two prospective jurors in question actually served on the jury.

It was clearly established when Mr. Nguyen was tried that he has a due process right to be present at trial "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge."  *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934).  However, due process does not require the presence of the defendant "when [his] presence would be useless, or the benefit but a shadow."  *Id*. at 106-07.  The Supreme Court explained that "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."  *Id*. at 107-08; *see also Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (noting that "a defendant is guaranteed the right to

18

be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."). To determine whether Mr. Nguyen's due process rights were violated by his exclusion from a portion of voir dire, I must consider the proceedings in light of the whole record. ***See Bland v. Sirmons***, 459 F.3d 999, 1021 (10th Cir. 2006).

The Colorado Court of Appeals in ***Nguyen III*** applied the proper standards and determined that Mr. Nguyen's absence from the portion of voir dire held in chambers did not violate his right to due process. The state court based its conclusion on the fact that any error was harmless because neither of the prospective jurors actually served on the jury. "Here, even if we assume defendant did not consent, he has not demonstrated how the fundamental fairness of the trial was affected by his absence. Therefore, because both jurors were excused, we conclude that any error in determining that defendant had waived his presence was harmless." ***Nguyen III***, slip op. at 7.

I agree that any possible error in excluding Mr. Nguyen from a portion of voir dire was harmless. "[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard" in ***Brecht v. Abrahamson***, 507 U.S. 619, 637 (1993). ***Fry v. Pliler***, 127 S. Ct. 2321, 2328 (2007). Pursuant to ***Brecht***, a constitutional error does not warrant habeas relief unless I conclude that it "had substantial and injurious effect or influence in determining the jury's verdict." ***Brecht***, 507 U.S. at 637. If the evidence is balanced so evenly that I am in grave doubt about whether the error meets this standard, I must hold that the error is not harmless. ***O'Neal v. McAninch***, 513 U.S.

432, 436-37 (1995). I make this harmless error determination based upon my review of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

I have reviewed the state court record and I do not find that exclusion of Mr. Nguyen from a portion of voir dire "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637. Most importantly, the prospective jurors in question did not serve on the jury at Mr. Nguyen's trial. Mr. Nguyen's speculation that he may not have wanted those jurors excused does not demonstrate that his presence during voir dire would have contributed to the fairness of the proceedings. In fact, one of the prospective jurors in question was excused as the result of a peremptory challenge by the prosecution. As a result, I agree with the state court that, even assuming an error occurred, the error was harmless and Mr. Nguyen is not entitled to relief on this claim.

<u>Claim Nine</u>

Mr. Nguyen's contends in his ninth claim for relief that counsel was ineffective. He specifically alleges that counsel was ineffective in handling plea negotiations; failing to adequately challenge Mr. Nguyen's involuntary statements; failing to adequately challenge admission of an unduly suggestive photo line-up; failing to develop an effective trial strategy; failing to utilize an interpreter who spoke the same dialect as Mr. Nguyen; failing to adequately challenge the illegal arrest and search of Mr. Nguyen; and failing to obtain transcripts from the prior trial of a co-defendant for impeachment purposes. For the reasons discussed above, the portion of this ineffective assistance of

counsel claim in which Mr. Nguyen alleges that counsel failed to obtain transcripts from the prior trial of a co-defendant for impeachment purposes is procedurally barred and will not be considered on the merits.

It was clearly established when Mr. Nguyen was convicted that a defendant has a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Nguyen must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.*

Under the prejudice prong, Mr. Nguyen must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

If Mr. Nguyen fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697. Finally, ineffective assistance of counsel claims are mixed questions of law and fact. *See id.* at 698.

The Colorado Court of Appeals properly applied *Strickland* and rejected Mr. Nguyen's claims that counsel was ineffective. As noted above, Mr. Nguyen first

asserts that counsel was ineffective in handling plea negotiations. Mr. Nguyen

specifically contends that counsel failed to adequately communicate the prosecution's

plea offer to Mr. Nguyen because Mr. Nguyen was unable to understand the interpreter,

who spoke a different dialect than Mr. Nguyen. The state court rejected this claim

because Mr. Nguyen failed to demonstrate that counsel's performance was deficient.

> Defendant contends that his trial attorneys were
> ineffective during the plea negotiations. Specifically, he
> argues that he did not understand the details of the plea
> offer because when his attorney discussed it with him, he
> was unable to understand the dialect of the interpreter. We
> reject this contention.

> At the Crim. P. 35(c) hearing, defendant's two trial
> attorneys and the interpreter testified. The trial court found
> that defendant's attorneys communicated the plea offer to
> him on at least two occasions and defendant decided not to
> accept the offer because of the lengthy jail sentence. The
> trial court found no deficiencies in counsels' performance
> and no basis for concluding that defendant was unable to
> understand the interpreter. The record supports the trial
> court's findings.

*Nguyen III*, slip op. at 3-4.

Mr. Nguyen fails to present any clear and convincing evidence to overcome the

presumption of correctness that attaches to the state court's factual findings with

respect to this claim. Therefore, I must presume, as the state court found, that the plea

offer was communicated to Mr. Nguyen on two occasions, that Mr. Nguyen declined the

plea offer because of the lengthy jail sentence involved, and that there was no basis for

concluding that Mr. Nguyen was unable to understand the interpreter. Based on these

factual findings, I find that the state court's legal conclusion that counsel for Mr. Nguyen

was not ineffective with respect to the plea negotiations is neither contrary to nor an unreasonable application of **Strickland** and this ineffective assistance of counsel claim must be dismissed.

Mr. Nguyen asserts three claims that counsel was ineffective with respect to suppression issues. He claims that counsel failed to adequately challenge his involuntary statements by not calling him as a witness at the suppression hearing; that counsel failed to adequately challenge admission of an unduly suggestive photo line-up in which Mr. Nguyen and his co-defendant brother were the only Amer-Asians and in which he and his co-defendants were the only persons depicted in orange jumpsuits; and that counsel failed to adequately challenge the illegal arrest and search of Mr. Nguyen because counsel failed to present any evidence, testimony, or legal argument in support of the motion to suppress. The state court considered these suppression issues together and determined that the claims lacked merit because Mr. Nguyen failed to demonstrate he suffered any prejudice.

> Defendant contends that his trial attorneys were ineffective because they failed to challenge adequately (1) the admissibility of his allegedly involuntary and coerced statements made to law enforcement officials by not letting him testify at the suppression hearing; (2) the admissibility of an unduly suggestive photo lineup; and (3) the legality of his arrest. We disagree.
>
> In its ruling, the trial court noted that the evidence against defendant was very strong and included testimony of numerous witnesses who identified defendant in court as one of the robbers. After careful review of the record, and in light of the overwhelming evidence against him, we conclude that defendant has failed to demonstrate any prejudice from his attorneys' representation in connection with these

> suppression issues.  Defendant has not shown that, absent
> the trial attorneys' alleged shortcomings, the result probably
> would have been different.

**Nguyen III**, slip op. at 4.

The state court's determination that Mr. Nguyen failed to demonstrate prejudice due to counsel's alleged ineffectiveness regarding the suppression issues is neither contrary to nor an unreasonable application of the **Strickland** standard.  I agree with the state court that the eyewitness testimony identifying Mr. Nguyen as one of the robbers adequately eliminates any reasonable probability that Mr. Nguyen would not have been convicted if the evidence he sought to suppress had been suppressed.  Therefore, these ineffective assistance of counsel claims also will be dismissed.

Mr. Nguyen next claims that counsel was ineffective by failing to develop an effective trial strategy.  Mr. Nguyen specifically asserts that counsel was ineffective by failing to make an opening statement, failing to call any defense witnesses other than Mr. Nguyen, eliciting from Mr. Nguyen on direct examination an admission of all of the elements necessary to sustain a conviction, and admitting during closing arguments that Mr. Nguyen was guilty of robbery and menacing.  The state court determined that Mr. Nguyen's attorneys were not ineffective.

> Defendant contends that he was deprived of effective
> assistance of counsel because one of his trial attorneys
> lacked a trial strategy, failed to give an opening statement,
> conducted damaging direct examination of defendant, and
> conceded defendant's guilt during closing argument.  We
> disagree.

> The trial court found that the trial attorneys' strategy of
> admitting guilt to a lesser offense in the hopes that the jury

would convict on that offense and acquit on the more serious charges was not ineffective in light of the evidence presented against defendant. Furthermore, one of the trial attorneys testified at the hearing that he gave no opening statement in order to retain as many theories of the case as possible. We conclude that the record supports the trial court's conclusion that defendant's trial attorneys made informed tactical decisions and employed a thoughtful strategy, considering the particularly strong evidence against defendant.

***Nguyen III***, slip op. at 5.

As noted above, there is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance" and it is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. ***See Strickland***, 466 U.S. at 689. In the instant action, Mr. Nguyen fails to demonstrate that counsel's alleged trial errors were not part of a legitimate trial strategy as found by the state court. As a result, I find that the state court's resolution of this claim is not contrary to or an unreasonable application of the ***Strickland*** standards and this ineffective assistance of counsel claim also will be dismissed.

Mr. Nguyen's next ineffective assistance of counsel claim is that counsel failed to utilize an interpreter who spoke the same dialect as Mr. Nguyen. Mr. Nguyen alleges again in connection with this claim that the interpreter used by counsel spoke a different dialect that Mr. Nguyen was unable to understand completely. The state court rejected this claim because, "[a]fter hearing testimony from one of the attorneys and the interpreter, the trial court concluded that the interpreter was qualified and properly

translated the matters before the court" and "[t]he record supports the trial court's conclusion." *Nguyen III*, slip op. at 6.

Once again, Mr. Nguyen fails to present clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's factual findings. With respect to this claim, the state court determined that the interpreter was qualified and provided a proper translation. On the basis of this presumptively correct factual finding, I conclude that the state court's rejection of this claim is neither contrary to nor an unreasonable application of clearly established federal law and this claim also will be dismissed.

Finally, Mr. Nguyen claims that the cumulative effect of trial counsel's acts and omissions constitutes ineffective assistance of counsel. The state court rejected this argument and I agree. This ineffective assistance of counsel claim also will be dismissed because the state court's determination is not contrary to or an unreasonable application of *Strickland*.

Claim Ten

Mr. Nguyen's alleges in his tenth claim that his sentence is disproportionate in violation of his Eighth Amendment rights. He specifically argues that he was only nineteen years old at the time the offenses were committed, that it was his first felony conviction, that he was convicted as a complicitor, that his cumulative sentence exceeds his life expectancy, that he never has been given an opportunity to reform or rehabilitate, and that his sentence far exceeds sentences imposed on defendants in other jurisdictions convicted of the same or similar offenses.

It was clearly established federal law at the time Mr. Nguyen was convicted and sentenced that "[a] gross disproportionality principle is applicable to sentences for terms of years."  *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003) (reviewing Supreme Court cases up to and including *Harmelin v. Michigan*, 501 U.S. 957 (1991)).  While the precise contours of the gross disproportionality principle are unclear, it is clear that the gross disproportionality principle is applicable only in exceedingly rare and extreme cases.  *See id*. at 73.

The Colorado Court of Appeals applied this clearly established federal law and concluded "that the legislatively mandated minimum sentence of ten years for each aggravated robbery conviction is not so harsh as to give rise to an inference of gross disproportionality."  *Nguyen V*, slip op. at 6-7.  Although Mr. Nguyen's challenges his aggregate sentence of 270 years in this Eighth Amendment claim, the state court explicitly declined to consider Mr. Nguyen's aggregate sentence in conducting the proportionality review.

Mr. Nguyen fails to identify any Supreme Court case holding that the gross disproportionality principle must be applied with respect to a defendant's aggregate sentence as opposed to the sentence imposed for each individual count of conviction. Therefore, I find that the state court's refusal to consider Mr. Nguyen's aggregate sentence in resolving his Eighth Amendment claim is neither contrary to nor an unreasonable application of clearly established federal law.  Furthermore, the state court's conclusion that Mr. Nguyen's sentence on each count does not violate the Eighth Amendment also is not contrary to or an unreasonable application of clearly

established federal law.  For these reasons, Mr. Nguyen's tenth claim for relief lacks merit and will be dismissed.

VII.  CONCLUSION

For the reasons discussed above in this order, Mr. Nguyen's second, fourth, fifth, sixth, seventh, eighth, and eleventh claims in their entirety and the portion of the ninth claim in which Mr. Nguyen alleges that counsel was ineffective by failing to obtain transcripts from the trial of one of Mr. Nguyen's codefendants to be used for impeachment purposes at Mr. Nguyen's trial will be dismissed as procedurally barred. Mr. Nguyen's other claims, which are the first, third, and tenth claims in their entirety and the balance of the ninth claim for relief, will be dismissed on the merits. Accordingly, it is

ORDERED that the amended habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  August 25, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge